**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4425 Jamboree Road, Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiff Angelo Self

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO SELF,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF PALM SPRINGS; PAOLA RAMOS; JONATHAN CABRERA; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Violation Of Fourth Amendment Rights – Excessive Force;<br>2. Violation OF Fourth Amendment Rights – Unlawful/False Arrest;<br>3. Violation of Fourth Amendment – Unlawful Entry and Seizure of Private Residence;<br>4. Municipal Liability – Failure to Train and/or Discipline;<br>5. Municipal Liability – Unconstitutional Custom/Practice and/or Policy.<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES
1

**COMES NOW** Plaintiff Angelo Self and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Angelo Self, hereinafter referred to as "SELF" or "Plaintiff SELF", is a natural person, who, at all times complained of in this action, resided in the County of San Bernardino, State of California.

4. Defendant City of Palm Springs, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

5. Defendant Paola Ramos, hereinafter also referred to as "RAMOS" is and at all times complained of herein, was, a peace officer, a police officer, employed by the Palm Springs Police Department, acting as an individual person under the color of state law, in her individual capacity and was acting in the course of and within the scope of her employment with defendant CITY.

COMPLAINT FOR DAMAGES

2

6.      Defendant Jonathan Cabrera, hereinafter also referred to as "CABRERA" is and at all times complained of herein, was, a peace officer, a police officer, employed by the Palm Springs Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

7.      Defendants DOES 1 through 6, inclusive, are sworn peace officers, and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Palm Springs Police Department or by some other law enforcement agency, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

8.      At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Palm Springs Police Department, and were acting in the course of and

within the scope of their employment with defendant CITY and/or with some other public / municipal entity.

9. Defendants DOES 7 through 10, inclusive, are sworn peace officers, Chief and/or the Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Palm Springs Police Department and/or defendant City of Palm Springs and/or with some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Palm Springs Police Department for, *inter alia*,: 1) for using excessive force upon persona; and 2) unlawfully arresting persons; 3) unlawfully entering and searching homes; 3) retaliating against persons exercising constitutionally protected conduct; 4) fabricating evidence; and 5) covering up tortious conduct by Palm Springs Police Department peace officers.

10. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Palm Springs Police Department, and/or some other public official(s) with defendant CITY and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant CITY and/or with some other public entity.

11. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Palm Springs Police Department and/or otherwise with defendant CITY[1].

12. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

---

[1] Such as a CITY executive officer.

COMPLAINT FOR DAMAGES

13. In addition to the above and foregoing, Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

14. Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

15. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(Against Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive)**

16. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 15, inclusive, above, as if set forth in full herein.

17. On November 4, 2021, Plaintiff SELF was moving into a room that he

had just begun to rent located at 2055 San Clemente Road, Palm Springs, California.

18. The room that SELF was moving into was messy when he arrived so he left his property outside while he cleaned the room.

19. While SELF was cleaning the room, his belongings which were outside caught on fire. SELF does not know how his belongings caught on fire.

20. SELF grabbed a garden hose and began spraying the fire with water.

21. Around that same time, someone called the fire department.

22. The Palm Springs Fire Department and Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, then arrived on scene. By this time, SELF had gone inside of the home.

23. Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, knocked on SELF's door and then ordered him to come outside. SELF complied and exited the home.

24. Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, then entered the home without a warrant, consent or any other lawful justification.

25. Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, then asked SEFL how the fire started. SELF stated that he did not know.

26. Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, then asked SELF for his identification.

27. SELF told Defendants RAMOS, CABRERA and DOES 1 through 6,

COMPLAINT FOR DAMAGES

inclusive, that his identification was inside of the house. Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, told SELF that he could not go inside of his house to get his identification.

28. Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, then asked SELF for his name, date of birth and social security number.

29. SELF told Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, that he had a right to not give that information to them. SELF then asked if he was being detained.

30. A sergeant at the scene shrugged his shoulders and looked at RAMOS. RAMOS stated that he was not being detained so SELF walked several feet away and stood next to the mailboxes.

31. Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, followed SELF to the mailbox area.

32. Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, continued to ask SELF for his information.

33. SELF then saw a group of officers preparing to go into his home. SELF said that the owner of the house isn't home and that they can't go inside.

34. When SELF said that the officers can not go into his home, Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, then slammed SELF to the ground.

35. While SELF was on the ground, CABRERA and DOES 1 through 6,

COMPLAINT FOR DAMAGES

8

inclusive, slammed his knee into SELF's back.

36. Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, further brutalized SELF while he was on the ground.

37. Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, then handcuffed SELF and took him to the Palm Springs jail where he was photographed and interrogated.

38. SELF was then taken to the Desert Regional Medical Center where he received treatment for his injuries.

39. From the hospital, SELF was taken to the Banning Jail where he was ultimately released with a citation for allegedly violating Penal Code sec. 148(a)(1.)

40. The Riverside County District Attorney's Office chose not to prosecute SELF.

41. The actions of Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, as Complained of herein, constituted a violation of SELF's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful, unreasonable and excessive force on his person.

42. As a direct and proximate result of the actions of Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, as complained of herein, SELF: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general

COMPLAINT FOR DAMAGES

damages and expenses, including attorney's fees and other expenses, in an amount to be proven at trial which is in excess of $3,000,000.00.

43. The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of SELF's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive,)**

44. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 43, inclusive, above, as if set forth in full herein.

45. As complained of herein above, none of the defendants to this action had a warrant for SELF's arrest, nor probable cause to believe that SELF had committed a crime, nor reasonable suspicion that SELF was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by SELF.

46. Accordingly, the seizure of SELF by Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, by the use of unreasonable force, constituted an unlawful and unreasonable seizure of SELF, in violation of his right to be free from unreasonable force under the Fourth Amendment to the United States Constitution.

47. As a direct and proximate result of the actions of Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, as complained of herein, SELF: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

48. The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of SELF's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

### THIRD CAUSE OF ACTION
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation Of Fourth Amendment Rights**
**Unreasonable / Unlawful Entry Into and Search and Seizure of Private Residence**
**(Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive,)**

49. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 48, inclusive, above, as if set forth in full herein.

50. As shown above, Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, entered the plaintiff's home without a warrant, lawful-consent, an emergency or any other legal justification.

51. The actions of Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, complained of in this action in entering, searching and seizing plaintiff's home, and destruction of Plaintiff's property, constituted an unlawful and unreasonable entry into and seizure of the residence in the absence of a warrant, consent, or an emergency, in violation of the plaintiff's rights to be free from such entry, search and seizure of plaintiff's home / property under the Fourth Amendment to the United States Constitution.

52. As a direct and proximate result of the actions of Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, plaintiffs were: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $3,000,000.00.

53. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $2,000,000.00 for each defendant, save CITY.

# FOURTH CAUSE OF ACTION
# VIOLATION OF 42 U.S.C. § 1983
# FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
### (Against Defendant CITY)

54. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 53, inclusive, above, as if set forth in full herein.

55. As complained of herein above, the acts of Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, deprived plaintiff of his rights under the laws of the United States and The United States Constitution.

56. The training policies of CITY were not adequate to train its police officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted plaintiff, including training on when they may use force upon a person; what conduct rises to the level of a violation of Penal Code sec. 148(a)(1); and when they may enter and search a private residence.

57. The failure of CITY to provide adequate training caused the deprivation of plaintiff's rights by Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive.

58. CITY's failure to train is closely related to the deprivation of plaintiff's rights as to be the moving force that ultimately caused plaintiff's injuries.

59. As a direct and proximate result of the actions of defendants as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $3,000,000.00.

### FIFTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants Based On Official Policy, Practice, Or Custom
### (Against Defendant CITY)

60. Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 49, inclusive, above, as if set forth in full herein.

61. As shown above, the actions of Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution, as described above.

62. At all times complained of herein, Defendants RAMOS, CABRERA and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Palm Springs Police Department / defendant CITY: 1) falsely arresting persons for failing to identify themselves, 2) using excessive force; 3) unlawfully entering and searching private residences; and 4) for covering-up unlawful and tortious conduct by Palm Springs Police Department personnel

and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

63. Said actions of said defendants were done by them under the color of state law.

64. As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants CITY, above-described, said defendants committed said actions complained of above.

65. As a direct and proximate result of the actions of defendants CITY, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $3,000,000.00 for each plaintiff.

**WHEREFORE**, plaintiff prays for judgment as follows:

    a) For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

    b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $2,000,000.00;

    c) For an award of reasonable attorney's fees and costs;

    d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

                                                    /s/ Gregory Peacock
                                                    GREGORY PEACOCK